CLOSED, STANDARD

# United States District Court
## Eastern District of Pennsylvania (Philadelphia)
### CIVIL DOCKET FOR CASE #: 2:05-cv-06272-JG
### Internal Use Only

0 6 - 1 6 8

JONES - HOUSLEY v. MBNA AMERICA BANK, N. A et al
Assigned to: CHIEF JUDGE JAMES T. GILES
Cause: 42:2000e Job Discrimination (Employment)

Date Filed: 12/05/2005
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

## Plaintiff

**STACEY D. JONES - HOUSLEY**

represented by **ADRIAN J. MOODY**
LAW OFFICES OF ADRIAN J.
MOODY, PC
1616 WALNUT STREET
SUITE 700
PHILADELPHIA, PA 19103
215-735-2400
Email: ajmoody@bellatlantic.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**STACY L. SHIELDS**
LAW OFFICES OF ADRIAN J.
MOODY, PC
1616 WALNUT ST.
SUITE 700
PHILADELPHIA, PA 19103
TEL 215-735-2400
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

## Defendant

**MBNA AMERICA BANK, N. A**
*IS A FEDERALLY CHARTERED*
*BANKING ASSOCIATION*
*HEADQUATERED IN WILMINGTON,*
*DELAWARE*

A TRUE COPY CERTIFIED TO FROM THE RECORD

DATED:

ATTEST:

DEPUTY CLERK, UNITED STATES DISRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

represented by **SHELDON N. SANDLER**
YOUNG, CONAWAY, STARGATT &
TAYLOR
THE BRANDYWINE BLDG
1000 WEST STREET 17TH FLOOR
PO BOX 391
WILMINGTON, DE 19801
302-571-6673
Email: ssandler@ycst.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ROLIN BISSELL**
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
THE BRANDYWINE BLDG
1000 WEST STREET 17TH FLOOR
POBOX 391
WILMINGTON, PA 19899-0391
302-571-6673
Email: rbissell@ycst.com
*ATTORNEY TO BE NOTICED*

## Defendant

**WILLIAM CHRISTIE**
*INDIVIDUALLY AND IN HIS*
*PROFESSIONAL, SUPERVISORY*
*CAPACITY AS SENIOR EXECUTIVE*
*VICE PRESIDENT OF DEFENDANT*
*MBNA BANK*

represented by **SHELDON N. SANDLER**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ROLIN BISSELL**
(See above for address)
*ATTORNEY TO BE NOTICED*

## Defendant

**DIANE CANNATO**
*INDIVIDUALLY AND IN HER*
*PROFESSIONAL, SUPERVISORY*
*CAPACITY AS MANAGER OF*
*DEFENDANT MBNA BANK*

represented by **SHELDON N. SANDLER**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ROLIN BISSELL**
(See above for address)
*ATTORNEY TO BE NOTICED*

## Defendant

**WILLIAM HALL**
*INDIVIDUALLY AND IN HIS*
*PROFESSIONAL, SUPERVISORY*
*CAPACITY AS MANAGER OF*
*DEFENDANT MBNA BANK*

represented by **SHELDON N. SANDLER**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ROLIN BISSELL**
(See above for address)
*ATTORNEY TO BE NOTICED*

## Defendant

**GREG YANTZ**
*INDIVIDUALLY AND IN HIS*

represented by **SHELDON N. SANDLER**
(See above for address)

*PROFESSIONAL, SUPERVISORY*
*CAPACITY AS MANAGER OF*
*DEFENDANT MBNA BANK*

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ROLIN BISSELL**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/05/2005 | 1 | COMPLAINT against MBNA AMERICA BANK, N. A, WILLIAM CHRISTIE, DIANE CANNATO, WILLIAM HALL, GREG YANTZ , filed by STACEY D. JONES - HOUSLEY.(ti, ) (Entered: 12/06/2005) |
| 12/05/2005 |  | Five Original Summons Issued as to MBNA AMERICA BANK, N. A, WILLIAM CHRISTIE, DIANE CANNATO, WILLIAM HALL, GREG YANTZ. Forwarded To: Counsel on 12/6/05 (ti, ) (Entered: 12/06/2005) |
| 12/05/2005 |  | ***Set/Clear Flags Set Flag Standard Case Management Track (ti, ) (Entered: 12/06/2005) |
| 12/07/2005 |  | Filing fee: $ 250, receipt number 923871. (mac, ) (Entered: 12/07/2005) |
| 12/29/2005 | 2 | Affidavit of Service of Joel Hamburg served Summons and Complaint upon KAREN RALSON on behalf of DEFENDANTS MBNA AMERICA BANK, N. A, WILLIAM CHRISTIE, DIANE CANNATO, WILLIAM HALL, GREG YANTZ by Personal Service 12/13/2005, answer due 1/3/2006. (jpd) (Entered: 12/29/2005) |
| 12/29/2005 | 3 | ANSWER to Complaint by MBNA AMERICA BANK, N. A, WILLIAM CHRISTIE, DIANE CANNATO, WILLIAM HALL, GREG YANTZ with Affirmative Defenses, Certificate of Service. (BISSELL, ROLIN) Modified on 12/30/2005 (np). (Entered: 12/29/2005) |
| 12/29/2005 | 4 | Disclosure by all defendants.(BISSELL, ROLIN) (Entered: 12/29/2005) |
| 12/29/2005 | 5 | Application for Limited Admission *of Sheldon Sandler, Esquire* filed by MBNA AMERICA BANK, N. A, WILLIAM CHRISTIE, DIANE CANNATO, WILLIAM HALL, GREG YANTZ, Affidavit, Declaration, Certificate of Service. (BISSELL, ROLIN) Modified on 12/30/2005 (np). (Entered: 12/29/2005) |
| 12/29/2005 |  | ***Issue Joined (np) (Entered: 12/30/2005) |
| 01/03/2006 | 6 | ORDER THAT THE APPLICATION OF SHELDON N. SANDLER, ESQUIRE, TO PRACTICE IN THIS COURT PURSUANT TO LOCAL RULE OF CIVIL PROCEDURE 83.5.2(b) IS GRANTED. SIGNED BY JUDGE JAMES T. GILES ON 1/3/06. 1/3/06 ENTERED AND COPIES MAILED AND E-MAILED.(mac, ) (Entered: 01/04/2006) |
| 01/03/2006 |  | ***Attorney SHELDON N. SANDLER for MBNA AMERICA BANK, N. A and WILLIAM CHRISTIE added. (mac, ) (Entered: 01/04/2006) |

| 01/03/2006 | ⊙7 | ORDER THAT A PRETRIAL CONFERENCE IS SET FOR 2/24/2006 AT 4:00 PM IN JUDGE'S CHAMBERS BEFORE CHIEF JUDGE JAMES T. GILES. SIGNED BY JUDGE JAMES T. GILES ON 1/3/06. 1/4/06 ENTERED AND COPIES MAILED AND E-MAILED.(mac, ) (Entered: 01/04/2006) |
|---|---|---|
| 01/19/2006 | ⊙8 | MOTION to Transfer filed by MBNA AMERICA BANK, N. A.Brief. (Attachments: # 1 Defendants Opening Brief In Support of Their Motion to Transfer)(SANDLER, SHELDON) (Entered: 01/19/2006) |
| 01/19/2006 | ⊙9 | AFFIDAVIT in Support re 8 MOTION to Transfer filed by MBNA AMERICA BANK, N. A. (SANDLER, SHELDON) (Entered: 01/19/2006) |
| 02/02/2006 | ⊙10 | STIPULATION re 8 MOTION to Transfer *Case to Delaware* by MBNA AMERICA BANK, N. A. (SANDLER, SHELDON) (FILED IN ERROR BY ATTORNEY; COPY FORWARDED TO JUDGE FOR APPROVAL) Modified on 2/3/2006 (np). (Entered: 02/02/2006) |
| 02/03/2006 | ⊙11 | ORDER THAT DEFENDANT'S MOTION TO TRANSFER TO THE U.S. DISTRICT COURT FOR THE DISTRICT OF DELAWARE IS GRANTED. SIGNED BY JUDGE JAMES T. GILES ON 2/2/06.2/3/06 ENTERED AND COPIES MAILED AND E-MAILED. (mac, ) (Entered: 02/03/2006) |
| 02/03/2006 | | ***Documents terminated: ***Deadlines terminated. (mac, ) (Entered: 02/03/2006) |
| 02/03/2006 | | ***Civil Case Terminated. (sf, ) (Entered: 02/08/2006) |

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

STACY D. JONES - HOUSLEY          :
2301 Cherry Street, Apt. #4N      :
Philadelphia, PA 19103            :
               Plaintiff        :       CIVIL ACTION NO:_____
                     :
    v.                           :
                     :
**MBNA AMERICA BANK, N. A,** is a  :
 federally chartered banking association :
 headquartered in Wilmington,     :
 Delaware, and having local offices at :
1100 No. King Street              :
Wilmington, DE 19884              :
                     :
    and                          :
                     :
**WILLIAM CHRISTIE**, Individually and :
 in his Professional, Supervisory  :
 Capacity as Senior Executive Vice :
 President of Defendant MBNA Bank, :
 having offices located at         :
1100 No. King Street              :
Wilmington, Delaware 19884        :
                     :
    and                          :
                     :
**DIANE CANNATO**, Individually and :
 in her Professional, Supervisory  :
 Capacity as Manager of Defendant  :
 MBNA Bank, having offices located at :
1100 No. King Street              :
Wilmington, Delaware 19884        :
                     :
    and                          :
                     :
**WILLIAM HALL**, Individually and in his :
 Professional, Supervisory Capacity as :
 Manager of Defendant MBNA Bank,   :
 having offices located at         :
1100 No. King Street              :
Wilmington, Delaware 19884        :

```
                                          :
    and                                   :
                                          :
GREG YANTZ, Individually and in his       :
 Professional, Supervisory Capacity as    :
 Manager of Defendant MBNA Bank,          :
 having offices located at                :
1100 No. King Street                      :
Wilmington, Delaware 19884                :
                        Defendants        :
```

## COMPLAINT
## JURISDICTION, VENUE AND PARTIES

1.    Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C.

      § 2000e, as amended by §1981a (hereinafter, "Title VII") 42 U. S. C. §1981, and

      42 U. S. C. §1988.  Jurisdiction is invoked pursuant to 28 U.S.C., §1331, §1332

      and §1343.

2.    2.    Venue is proper in this judicial district pursuant to 28 U.S.C. 1332 because

      Plaintiff and the Named defendants are citizens of different state then the

      Plaintiff.

3.    3.    Plaintiff STACY D. JONES-HOUSLEY is a Black adult female and a

      citizen of the Commonwealth of Pennsylvania residing at 2301 Cherry Street,

      Apt. #4N, Philadelphia, Pennsylvania 19103.

4.    4.    Defendant MBNA America Bank, N.A., (hereinafter "MBNA") is a federally

      chartered national banking association with headquarters located at 1100 North

      King Street, Wilmington, Delaware 19884.

5.    Defendant WILLIAM CHRISTIE (hereinafter CHRISTIE") is an adult white male

      and Senior Executive Vice President of Defendant MBNA.  Defendant CANNATO

2

works for, on behalf of and in furtherance of the business interests of Defendant MBNA in a Supervisory capacity, as a result of which Defendant MBNA is strictly liable for her acts and failures to act. At all times relevant hereto, Defendant CANNATO's acts and failures to act were the direct acts and failures to act of Defendant MBNA.

6.   Defendant DIANE CANNATO (hereinafter "CANNATO") is an adult white female and Manager of Defendant MBNA. Defendant CANNATO works for, on behalf of and in furtherance of the business interests of Defendant MBNA in a Supervisory capacity, as a result of which Defendant MBNA is strictly liable for her acts and failures to act. At all times relevant hereto, Defendant CANNATO's acts and failures to act were the direct acts and failures to act of Defendant MBNA.

7.   Defendant WILLIAM HALL (hereinafter "HALL") is an adult white male and Manager of Defendant MBNA. Defendant HALL works for, on behalf of and in furtherance of the business interests of Defendant MBNA in a Supervisory capacity, as a result of which Defendant MBNA is strictly liable for her acts and failures to act. At all times relevant hereto, Defendant HALL's acts and failures to act were the direct acts and failures to act of Defendant MBNA.

8.   Defendant GREG YANTZ (hereinafter "YANTZ") is an adult white male and Manager of Defendant MBNA. Defendant YANTZ works for, on behalf of and in furtherance of the business interests of Defendant MBNA in a Supervisory capacity, as a result of which Defendant MBNA is strictly liable for her acts and failures to act. At all times relevant hereto, Defendant YANTZ's acts and failures to act were the direct acts and failures to act of Defendant MBNA.

3

9.    At all times material hereto, Defendant MBNA acted or failed to act through its authorized supervisors, managers, employees, workmen, agents and servants including, but not limited to, Managers and Supervisors Defendants Cannato, Hall, Yantz and Christie, and others whose identities will be disclosed during the course of discovery, and all of whom were at all times then and there acting in Supervisory capacities for and on behalf of Defendant MBNA, and in furtherance of its business interests, and within the course and scope of their employment and Supervisory authority.

10.   At all times material hereto, Defendant MBNA's Managers and Supervisors, including Diane Cannato, William Hall, Greg Yantz and William Christie, were acting in the course and scope of their agency and/or employment with and on behalf of and/or under the management, control and/or direction of Defendant MBNA.

11.   At all times material hereto, the individual Defendant was acting intentionally, maliciously, and in reckless disregard of the Plaintiff's right to be free from race discrimination and retaliation.

12.   At all times relevant hereto, Defendant MBNA, acting by and through its Managers and Supervisors, including Diane Cannato, William Hall, Greg Yantz and William Christie, was acting intentionally and in furtherance of its business purpose, but maliciously and in reckless disregard of the Plaintiff's right to be free from race discrimination and retaliation.

### ADMINISTRATIVE PROCEDURES

13.   Plaintiff filed charges of race discrimination against the Defendants with the

4

Philadelphia District Office of the Equal Employment Opportunity Commission, Charge No. 170 - 2003 - 00829.

14.    Plaintiff also received a Notice of Right to Sue Within 90 Days from the U. S. Department of Justice dated September 8, 2005.  A copy of the Notice of Right to Sue" is attached and marked as Exhibit "A".

## BACKGROUND ALLEGATIONS

15.    Plaintiff Jones - Housley began working for the Defendant MBNA in or about January 2001.  She last worked for the Defendant as a Senior Project Manager and Assistant Vice President (AVP) in the Telemarketing Development Department, where her job duties and responsibilities involved test management for the Strategic Telesales System (hereinafter "STS") Project.  Her Manager was Defendant Diane Cannato, a white female.

16.    At all times relevant hereto, the character of the Plaintiff's employment was good, and she worked well with other members of her team.

17.    In or about July 2001, however, Defendant MBNA, by and through its Managers and supervisors, including Diane Cannato, began to alienate and exclude the Plaintiff from team activities.

18.    The following month, Defendant MBNA, by and through its Managers and supervisors, including Defendant Cannato, demoted the Plaintiff from "Testing Manager" to "Tester", and replaced her with a white female and a white male.

19.    The Plaintiff learned that Defendant Cannato had informed other members of the Plaintiff's work team that they were not communicate or work with her regarding

5

the STS Project.

20. Furthermore, Defendant Cannato began to withhold key information from the Plaintiff that the Plaintiff needed to perform her work properly and to impede the work the Plaintiff was trying to do with her team.

21. Similarly situated white employees were not negatively treated as was the Plaintiff, and Defendant Cannato so treated the Plaintiff negatively for no other reason than that she was Black.

22. In or about October 2001, Defendant MBNA transferred to Plaintiff to the Internet Development Team.

23. While the Plaintiff was assigned to the Internet Development Team, Defendant MBNA assigned Defendant Hall as a Manager, to whom she was required to report.

24. Although the Plaintiff was required to report to Defendant Hall, a white male, his administrative title and position had been identical to the Plaintiff's, and he had far less experience, skill and education than the Plaintiff; Defendant Hall should have been her peer, and not her superior.

25. Also while the Plaintiff was assigned to the Internet Development Team, Defendant MBNA failed or refused to provide the Plaintiff with proper training to perform the duties of an Internet Development Team member, and failed or refused even to inform her of the scope of her duties with said Internet Development team.

26. Defendant MBNA, by and through its Managers and Supervisors, subjected her to work rules and procedures to which other, similarly situated white employees

were not subjected.

27. More specifically, Defendant MBNA, by and through Defendant Hall and other of its Managers and Supervisors, subjected the Plaintiff to "call-in" procedures that were not required of other employees, and then compounded these acts by subjecting the Plaintiff to baseless, unfounded and unwarranted criticisms and accusations regarding her attendance and work performance.

28. For example, as a result of the hostile work atmosphere created by Defendants MBNA and Cannato and Hall, Plaintiff Housley went out on "stress leave" under the Family Medical Leave Act ("FMLA") between March 2002 and May 2002.

29. While the Plaintiff was out on "stress leave", Defendant Hall required the Plaintiff to call in and report to him daily, even though the Plaintiff was on an approved FMLA leave.

30. Defendant Hall subjected the Plaintiff to said call-in so as to harass her and for no other reason than that she was Black.

31. Similarly situated white employees out on FMLA leave were not required to call in daily.

32. Thus, and in such a fashion, Defendant MBNA, by and through its Managers and Supervisors, deprived the Plaintiff of sick benefits and privileges of which similarly situated white employees were not deprived, and subjected her to special reporting requirements that were not required of others.

33. In or about May 2002, Plaintiff complained to Defendant William Christie about the disparate and hostile treatment to which she was subjected by Defendants MBNA, Cannato and HALL, but Defendant Christie ignored and/or minified her

7

complaints.

34.    Defendant Christie thus denied the Plaintiff the benefits of her employment.

35.    Defendant MBNA, by and through its Managers and Supervisors, including
       Defendant YANTZ, also deprived the Plaintiff of work recognition for which other
       employees were recognized.

36.    More specifically, Defendant Yantz met with Defendant Christie in or about
       October 2002 to discuss the Plaintiff's mid-term review.

37.    As a result of their meeting, Defendants Christie and Yantz agreed to, and did in
       fact, give the Plaintiff a negative mid-year review.

38.    Said negative mid-year review was wholly unfounded, and was given in
       retaliation for the Plaintiff's having earlier complained to Defendant Christie of
       hostile and unfair treatment.

39.    Similarly situated white employees were not given negative mid-year evaluations,
       or subjected to special "call-in" procedures, and then subjected to unwarranted
       criticisms and accusations regarding their work performance.

40.    In general, Defendant MBNA, by and through its Managers and Supervisors,
       created a work atmosphere for the Plaintiff that was hostile, oppressive and
       intolerable.

41.    The Plaintiff also noticed that other Black MBNA employees were being treated
       unfairly because of their race.

42.    For example, on several occasions, the Plaintiff overheard white MBNA
       Managers Defendants Hall, Yantz and Manager Pam Romanowski, discussing
       plans to harm another Black employee's career.

8

43. The atmosphere in which the Plaintiff was required to work was so racially hostile that the Plaintiff contacted an attorney to learn of her rights to be free from race discrimination.

44. At the same time the Plaintiff contacted a private attorney to learn of her rights, she also reiterated her complaint to Defendant MBNA's Personnel that she and other Black employees were being treated unfairly because of their race and that she had contacted an attorney about the discrimination.

45. Defendant MBNA's Personnel Management Department ignored and/or minified the Plaintiff's Complaints and, in response, treated her rudely and curtly.

46. In or about March 2003, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission against Defendant MBNA.

47. Thereafter, and in retaliation for the Plaintiff's having contacted an attorney and complained to Personnel Management, Defendant MBNA, by and through its Managers and Supervisors, subjected the Plaintiff to negative employee performance evaluations, and subjected her to performance evaluations that were administered on a different time frame.

48. Thereafter, as a direct and proximate result of Defendant MBNA's acts and failures to act, by and through its Managers, Supervisors, agents, workmen and employees, Plaintiff was terminated from her employment with Defendant MBNA on or about December 2004.

49. As a direct and proximate result of the above described acts and failures to act by the Defendant MBNA, by and through its Managers and Supervisors, the Plaintiff suffered insult, racial oppression, degradation, humiliation and severe

9

emotional distress requiring medical attention.

50.  As a further direct and proximate result of the above described acts and failures to act, the Plaintiff further suffered loss of income, loss of work experience, and a diminution in her professional and employment stature.

51.  As a further direct and proximate result of Defendant MBNA's acts and failures to act, by and through its Managers and Supervisors, the Plaintiff was adversely affected in her employment status, and has been impaired in future efforts to locate other employment.

### **FEDERAL CLAIMS**

### **COUNT I:   Plaintiff -v- Defendant MBNA Bank**
### **(Violation of 42 U.  S.  C. §2000e-2(a)(1)**

52.  The Plaintiff here incorporates all the allegations in the preceding paragraphs as if the same were fully set forth here.

53.  The acts and failures to act of Defendant MBNA Bank, made by and through its Managers, Supervisors, agents, workmen, employees and Supervisors, including Defendants Christie, Cannato, Hall and Yantz, specifically the acts of discriminating against the Plaintiff on the basis of her race by denying her employment rights and privileges afforded white employees, discriminated against the Plaintiff in the terms, conditions and privileges of her employment.

54.  The acts and failures to act of Defendant MBNA Bank, made by and through its Managers, Supervisors, agents, workmen, employees and Supervisors, including Defendants Christie, Cannato, Hall and Yantz,  as described herein, constituted an unlawful employment practice proscribed by 42 U.  S.  C. §2000e-2(a)(1).

10

**WHEREFORE**, the Plaintiff respectfully requests this Honorable Court to enter Judgment in her behalf against Defendant MBNA Bank in excess of One Hundred Thousand Dollars ($100,000.00).  Furthermore, the Plaintiff is entitled to and demands, pursuant to 42 U. S. C. §1988, all costs, fees, expenses and attorneys fees.

<u>COUNT II:   Plaintiff -v- Defendant MBNA Bank</u>
**(Violation of 42 U. S. C. §2000e-2(a)(2)**

55.    The Plaintiff here incorporates all the allegations in the preceding paragraphs as if the same were fully set forth here.

56.    The acts and failures to act of Defendant MBNA Bank, made by and through its Managers, Supervisors, agents, workmen, employees and Supervisors, including Defendants Christie, Cannato, Hall and Yantz, specifically the acts of discriminating against the Plaintiff on the basis of her race by subjecting her, *inter alia*, to unwarranted criticism, specialized reporting procedures, deprivation of the privileges of employment, all on the basis of her race, which is Black, discriminated against the Plaintiff by limiting and classifying him in such a way as to deprive the Plaintiff of her employment opportunities with Defendant MBNA Bank.

57.    The acts and failures to act of Defendant MBNA Bank, made by and through its Managers, Supervisors, agents, workmen, employees and Supervisors, including Defendants Christie, Cannato, Hall and Yantz, constituted an unlawful employment practice proscribed by 42 U. S. C. §2000e-2(a)(2).

**WHEREFORE**, the Plaintiff seeks Judgment in her behalf against Defendant MBNA Bank in excess of One Hundred Thousand Dollars ($100,000.00).  Furthermore, the

11

Plaintiff is entitled to and demands, pursuant to 42 U. S. C. §1988, all costs, fees, expenses and attorneys fees.

## COUNT III:   Plaintiff -v- Defendant MBNA Bank
### (Violation of 42 U. S. C. §2000e-3(a))

58.    The Plaintiff here incorporates all the allegations in the preceding paragraphs as if the same were fully set forth here.

59.    The acts and failures to act of Defendant MBNA Bank, made by and through its Managers, Supervisors, agents, workmen, employees and Supervisors, including Defendants Christie, Cannato, Hall and Yantz, specifically the acts of subjecting the Plaintiff to unwarranted and baseless negative employee evaluations, were made solely to retaliate against the Plaintiff for her having complained against and about said Defendant MBNA Bank's racially biased actions and policies, which is constitutionally protected activity.

60.    The acts and failures to act of Defendant MBNA Bank, made by and through its Managers, Supervisors, agents, workmen, employees and Supervisors, including Defendants Christie, Cannato, Hall and Yantz, constituted an unlawful employment practice proscribed by 42 U. S. C. §2000e-3(a).

   **WHEREFORE**, the Plaintiff seeks Judgment in her behalf against Defendant MBNA Bank in excess of One Hundred Thousand Dollars ($100,000.00).  Furthermore, the Plaintiff is entitled to and demands, pursuant to 42 U.  S.  C. §1988, all costs, fees, expenses and attorneys fees.

## COUNT IV:   PLAINTIFF -v- DEFENDANTS MBNA BANK,
### CHRISTIE, CANNATO, HALL and YANTZ
### (VIOLATION of 42 U. S. C. §1981)

61.    The Allegations contained in all preceding Paragraphs are here incorporated and

12

included by reference as if fully set forth here.

62.    42 U. S. C. §1981 provides, in relevant part, that "all persons ... shall have the
        same right ... to make and enforce contracts ... as is enjoyed by white citizens."
        42 U.S.C. §1981 (1982), and includes the making, performance, modification,
        and termination of contracts, and the enjoyment of all benefits, privileges, terms,
        and conditions of the contractual relationship.

63.    The Plaintiff enjoyed a right make and enforce her employment contract, which
        included the right to enjoy and enforce the rights and privileges afforded by
        seniority as were enjoyed and enforced by white employees, and the right to
        receive proper supervision and training as was enjoyed by white employees, and
        the right to equal conditions of employment as were enjoyed by white employees.

64.    The named Defendants acts and failures to act, as described herein, individually
        and jointly, deprived the Plaintiff of her right to make and enforce contracts,
        specifically her right to enjoy and enforce equal employment conditions, benefits
        and rights as were enjoyed by white employees.

65.    The named Defendants acted and failed to act, as described hereof, to deprive
        the Plaintiff of her right to make and enforce contracts, by denying her the rights
        and privileges of her employment, solely because of the Plaintiff's race, which is
        black.

66.    The named Defendants' individual and joint conduct, as described herein,
        deprived the Plaintiff of her rights as guaranteed her under 42 U. S. C. §1981.

        **WHEREFORE**, the Plaintiff seeks compensatory damages from Defendants
MBNA Bank, Christie, Cannato, Hall and Yantz, individually and/or jointly, in excess of

One Hundred Thousand Dollars ($100,000.00).  Furthermore, the Plaintiff is entitled to

and demands, pursuant to 42 U.  S.  C. §1988, all costs, fees, expenses and attorneys

fees.

Respectfully submitted,

**THE LAW OFFICES OF ADRIAN J. MOODY, P.C.**

BY:     _____

Adrian J. Moody, Esquire

BY:     _____

Stacy L. Shields, Esquire
Attorney Id #35361 and 71839
1616 Walnut Street, Suite #700
Philadelphia, PA. 19103-5307
215-735-2400

Attorneys for the Plaintiff,
Stacey D. Jones- Housley

14



06 - 168

05- 6272

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | 12·13·05. |

| NAME OF SERVER (PRINT) | TITLE |
|---|---|
| JOEL HAMBURG | PROCESS SERVER |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☑ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: KAREN RAISON

☐ Returned unexecuted: _____

_____

☐ Other (specify): _____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 12·13·05
        Date

Joel K Hamburg
        Signature of Server

1341 N. Delaware Ave
        Address of Server
Phila, PA 19125

FILED

DEC 2 9 2005

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

2006 MAR 13 PM 3:29

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me[1] | DATE 12·13·05 |
|---|---|
| NAME OF SERVER *(PRINT)* JOEL K HAMBURG | TITLE PROCESS SERVER |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☑ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: KAREN RAISON

☐ Returned unexecuted: _____

☐ Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 12·13·05
_____ Date

Joel K HamBurg
*Signature of Server*

1341 N. DELAWARE AVE
*Address of Server*
Phila, Pa. 19125



FILED

DEC 2 9 2005

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440  (Rev. 10/93)  Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | 12-13-05. |

| NAME OF SERVER (PRINT) | TITLE |
|---|---|
| JOEL K. HAMBURG | PROCESS SERVER |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☑ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:  KAREN  RAISON

☐ Returned unexecuted: _____

☐ Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   12-13-05
              *Date*

*Signature of Server*  Joel K Hamburg

1341 N. DELAWARE AVE

*Address of Server*   Phila, PA 19125

FILED
DEC 2 9 2005
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | 12·13·05 |

| NAME OF SERVER *(PRINT)* | TITLE |
|---|---|
| Joel K. HAMBURG | PROCESS SERVER |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☑ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: KAREN RAISON

☐ Returned unexecuted: _____

☐ Other (specify): _____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   12·13·05
_____
Date

_____
*Signature of Server*

1341 N. DELAWARE AVE
_____
*Address of Server*
Phila, PA 19125

FILED
DEC 2 9 2005
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**STACEY D. JONES - HOUSLEY**
2301 Cherry Street, Apt. #4N
Philadelphia, PA 19103-1041
                        Plaintiff          :          CIVIL ACTION NO.: 056272

          v.

**MBNA AMERICA BANK, N. A,** is a          :
Federally chartered banking association :
Headquartered in Wilmington,               :
Delaware and having local offices at      :
1100 N. King Street                         :
Wilmington, DE 19801-3372                 :

          AND

**WILLIAM CHRISTIE**, Individually and    :
 in his Professional, Supervisory          :
 Capacity as Senior Executive Vice         :
 President of Defendant MBNA Bank,         :
 Having offices located at                  :
1100 N. King Street                         :
Wilmington, Delaware 19801-3372           :

          AND

**DIANE CANNATO**, Individually and        :
 in her Professional, Supervisory          :
 Capacity as Manager of Defendant         :
 MBNA Bank, having offices located at     :
1100 N. King Street                         :
Wilmington, Delaware 19801-3372           :

          AND

**WILLIAM HALL**, Individually and in his  :
 Professional, Supervisory Capacity as     :
 Manager of Defendant MBNA Bank,          :
 Having offices located at                  :
1100 N. King Street                         :
Wilmington, Delaware 19801-3372           :



1

AND                                                    :
                                                       :
**GREG YANTZ**, Individually and in his     :
  Professional, Supervisory Capacity as     :
  Manager of Defendant MBNA Bank,           :
  Having offices located at                  :
1100 N. King Street                          :
Wilmington, Delaware 19801-3372              :
                        Defendants           :

## **AFFIDAVIT OF SERVICE**

I, **Adrian J. Moody, Esquire**, attorney for the Plaintiff, Stacy D. Jones-Housley, hereby

certify and affirm that the Defendants, named above were served on Tuesday December 13,

2005. Attached for filing is the original Summons and return of service.

**Adrian J. Moody, Esquire**
Attorney for Plaintiff Stacy D. Jones-Housley
Attorney Identification #35361
1616 Walnut Street, Suite 700
Philadelphia, PA. 19103-5307
(215) 735-2400

Date:  12/27/05

2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STACY D. JONES-HOUSLEY,     )
                     )
           Plaintiff,   )
                     )
   v.                  )    C.A. No. 2:05-CV-06272-JG
                     )
MBNA AMERICA BANK, N.A.,   )
WILLIAM CHRISTIE, DIANE    )
CANNATO, WILLIAM HALL, and  )
GREG YANTZ,              )

### ANSWER

Defendants MBNA America Bank, N.A., William Christie, Diane Cannato,

William Hall and Greg Yantz answer Plaintiff's Complaint as follows:

1.     Denied that jurisdiction is properly invoked.  No additional answer

necessary.

2.     Denied.

3.     Defendants do not have sufficient information to admit or deny this

averment.

4.     Admitted.

5.     Denied, except admitted that Defendant Christie is an adult, white

male and Senior Executive Vice President of Defendant MBNA, and Defendant Cannato

is a supervisory employee of MBNA.

6.     Denied, except admitted that Defendant Cannato is an adult, white

female and manager of Defendant MBNA.

7.     Denied, except admitted that Defendant Hall is an adult, white

male and manager of Defendant MBNA.

8.    Denied, except admitted that Defendant Yantz is an adult, white male and manager of Defendant MBNA.

9.    Defendants do not have sufficient information to admit or deny this averment.

10.   Defendants do not have sufficient information to admit or deny this averment.

11.   Denied.

12.   Denied.

13.   Admitted.  For a further answer, Defendants state that the EEOC found that no discrimination had occurred.

14.   Defendants do not have sufficient information to admit or deny this averment.

15.   Admitted.

16.   Denied.

17.   Denied.

18.   Denied.

19.   Denied.

20.   Denied.

21.   Denied.

22.   Admitted.

23.   Admitted that Defendant Hall was Plaintiff's manager; otherwise denied.

24.   Denied.

DB02:5130970.1                                                                                      009626.1046

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied, except admitted that Plaintiff went on FMLA leave.

29.     Admitted that the Plaintiff was requested to call in daily due to a misunderstanding and not for discriminatory or retaliatory reasons and that she was on approved FMLA leave.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Admitted.

37.     Admitted.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied that other employees were being treated unfairly because of their race.

42.     Denied.

43.     Denied that the atmosphere was racially hostile.  Defendants do not have sufficient information to admit or deny the balance of this averment.

DB02:5130970.1                                                                                          009626.1046

44.     Admitted that Plaintiff complained to Defendant MBNA.
Otherwise denied.

45.     Denied.

46.     Admitted.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Defendants incorporate herein by reference all of its Answers in
the preceding paragraphs.

53.     Denied.

54.     Denied.

55.     Defendants incorporate herein by reference all of its Answers in
the preceding paragraphs.

56.     Denied.

57.     Denied.

58.     Defendants incorporate herein by reference all of its Answers in
the preceding paragraphs.

59.     Denied.

60.     Denied.

61.     Defendants incorporate herein by reference all of its Answers in
the preceding paragraphs.

DB02:5130970.1

009626.1046

62.     The statute speaks for itself and therefore no responsive pleading is
required.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

## AFFIRMATIVE DEFENSES

1.      Plaintiff has failed to state a claim upon which relief can be
granted.

2.      The Court lacks jurisdiction over the subject matter of the claims.

3.      The Court lacks jurisdiction over the persons.

4.      Venue is improper.

5.      To the extent Plaintiff's complaint was not filed within ninety (90)
days of her receipt of a Notice of Right to Sue, all claims arising out of the underlying
charge are time-barred.

6.      To the extent the Complaint is based upon conduct not the subject
of a timely filed charge of discrimination, Plaintiff's claims are barred for failure to
exhaust administrative remedies.

7.      Defendants deny that they acted with malice or reckless
indifference to the rights of Plaintiff.

8.      Although Defendant MBNA denies that Plaintiff was exposed to a
hostile work environment, Defendant MBNA asserts that it exercised reasonable care to
prevent and correct promptly any allegedly harassing behavior, and the Plaintiff has

unreasonably failed to take advantage of any preventive or corrective opportunity provided or to avoid harm otherwise.

9.     To the extent Plaintiff's hostile environment claim is based on untimely conduct, those acts are barred by the doctrine of laches.

10.     Notwithstanding Defendants' general denials and previous affirmative defenses herein, to the extent Plaintiff establishes that her race was a determinative factor for any employment decision challenged herein, Defendants affirmatively state that they would have taken the same action in the absence of such an impermissible determinative factor.

11.     To the extent Plaintiff's claims pursuant to Section 1981 are based on conduct occurring more than two (2) years prior to the filing of her Complaint, all such claims are time-barred.

12.     To the extent Plaintiff has failed to mitigate her damages, she is barred from recovering from Defendants.

WHEREFORE, Defendants demand that the Complaint be dismissed with attorneys' fees and costs assessed against Plaintiff.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Rolin P. Bissell  (PA No. 53829)
Sheldon N. Sandler (DE Bar I.D. 0245)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6673; (302) 571-6560
Facsimile: (302) 576-3330; (302) 576-3474
ssandler@ycst.com; rbissell@ycst.com
Attorneys for Defendants

DATED:     December 29, 2005

DB02:5130970.1                                                                                        009626.1046

## CERTIFICATE OF SERVICE

I, Rolin P. Bissell, hereby certify that on December 29, 2005, I caused a copy of the

foregoing Answer to be served by electronic filing and by United States first-class mail, postage

prepaid, to:

The Law Offices of Adrian J. Moody, P.C.
Adrian J. Moody, Esquire
Stacy L. Shields, Esquire
1616 Walnut Street, Suite 700
Philadelphia, PA 19103-5307

The document is available for viewing and downloading from the ECF system.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Rolin P. Bissell (PA No. 53829)
Sheldon N. Sandler (DE No. 245)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600

Attorneys for Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

STACY D. JONES-HOUSLEY          :

          Plaintiff,       :

          V.             :       Civil Action

                     :       No: 2:05-CV-06272-JG

MBNA AMERICA BANK,N.A.,    :
WILLIAM CHRISTIE, DIANE
CANNATO, WILLIAM HALL, and    DISCLOSURE STATEMENT FORM
GREG YANTZ,

          Defendants.

Please check one box:

❏      The nongovernmental corporate party, _____, in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

☒      The nongovernmental corporate party, <u>MBNA America Bank, N.A.</u>, in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:

      MBNA Corporation

12/29/05
Date                             Signature

          Counsel for:   Defendants

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**

    (a) Who Must File: Nongovernmental Corporate Party. A nongovernmental corporate party to an action or proceeding in a district court must file two copies of a statement that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock or states that there is no such corporation.

    (b) Time for Filing; Supplemental Filing. A party must:

      (1)   file the Rule 7.1(a) statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court, and

      (2)   promptly file a supplemental statement upon any change in the information that the statement requires.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Civil Action No# 2:05-CV-06272-JG

*APPLICATION FORM FOR THOSE ATTORNEYS SEEKING TO PRACTICE IN THIS COURT PURSUANT TO LOCAL RULE OF CIVIL PROCEDURE 83.5.2(b)*

I. APPLICANT'S STATEMENT

I, Sheldon N. Sandler the undersigned, am an attorney who is not currently admitted to either the bar of this court or the bar of the Supreme Court of Pennsylvania, and I hereby apply for admission to practice in this court pursuant to Local Rule of Civil Procedure 83.5.2(b), and am submitting a check, number _____, for the $40.00 admission fee.

A.  I state that I am currently admitted to practice in the following state jurisdictions:

| Delaware | February 1966 | 245 |
|---|---|---|
| (State where admitted) | (Admission date) | (Attorney Identification Number) |
| | | |
| (State where admitted) | (Admission date) | (Attorney Identification Number) |
| | | |
| (State where admitted) | (Admission date) | (Attorney Identification Number) |

B.  I state that I am currently admitted to practice in the following federal jurisdictions:

| Delaware | 1966 | n/a |
|---|---|---|
| (Court where admitted) | (Admission date) | (Attorney Identification Number) |
| | | |
| (Court where admitted) | (Admission date) | (Attorney Identification Number) |
| | | |
| (Court where admitted) | (Admission date) | (Attorney Identification Number) |

C.  I state that I am at present a member of the aforesaid bars in good standing, and that I will demean myself as an attorney of this court uprightly and according to law, and that I will support and defend the Constitution of the United States.

I am entering my appearance for    Defendants

(Applicant's Signature)

12/29/05
(Date)

APPLICANT'S OFFICE ADDRESS AND TELEPHONE NUMBER:

Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor

Wilmington, DE  19899-0391

(302) 571-6673

Sworn and subscribed before me this

29th Day of December 2005

Notary Public

Expires 01/07/06

10/04

## II. SPONSOR'S STATEMENT, MOTION AND CERTIFICATE OF SERVICE

The undersigned member of the bar of the United States District Court for the Eastern District of Pennsylvania hereby moves for the admission of <u>Sheldon N. Sandler</u> to practice in said court pursuant to Local Rule of Civil Procedure 83.5.2(b), and certify that I know (or after reasonable inquiry believe) that the applicant is a member in good standing of the above-referenced state and federal courts and that the applicant's private and personal character is good. I certify that this application form was on this date mailed, with postage prepaid, to all interested counsel.

| Rolin P. Bissell | | November 1988 | PA ID No. 53829 |
|---|---|---|---|
| Sponsor's Name | Sponsor's Signature | Admission date | Attorney Identification No. |

SPONSOR'S OFFICE ADDRESS AND TELEPHONE NUMBER:

Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor

Wilmington, DE  19899-0391

(302) 571-6560

Sworn and subscribed before me this

29th Day of December 2005

Notary Public

Expires 01/07/06

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STACY D. JONES-HOUSLEY,          :          CIVIL ACTION
                Plaintiff,       :
                                 :
        v.                       :
                                 :
MBNA AMERICA BANK, N.A.,         :          NO. 2:05-CV-06272-JG
WILLIAM CHRISTIE, DIANE          :
CANNATO, WILLIAM HALL, and
GREG YANTZ,                              ORDER
                Defendants.

        AND NOW, this        Day of                , 200  , it is hereby

        ORDERED that the application of  <u>Sheldon N. Sandler</u> , Esquire, to practice in this

court pursuant to Local Rule of Civil Procedure 83.5.2(b) is

        ☐   GRANTED.

        ☐   DENIED.

                                        _____
                                                                    J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STACY D. JONES-HOUSLEY,           :     CIVIL ACTION

         Plaintiff,              :

      v.                          :

MBNA AMERICA BANK, N.A.,           :
WILLIAM CHRISTIE, DIANE            :     NO. 2:05-CV-06272-JG
CANNATO, WILLIAM HALL, and
GREG YANTZ,

         Defendants.

## CERTIFICATE OF SERVICE

I declare under penalty of perjury that a copy of the application of  Sheldon N. Sandler

Esquire, to practice in this court pursuant to Local Rule of Civil Procedure 83.5.2(b) and the relevant

proposed Order which, if granted, would permit such practice in this court was mailed today with

postage prepaid to:

THE LAW OFFICES OF ADRIAN J. MOODY, P.C.
Adrian J. Moody, Esquire
Stacy L. Shields, Esquire
1616 Walnut Street, Suite 700
Philadelphia, PA  19103-5307
(Attorneys for Plaintiff)


_____
Signature of Attorney

  Rolin P. Bissell
Name of Attorney

  Sheldon N. Sandler
Name of Moving Party

  12/29/05
Date

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JONES-HOUSLEY, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO.  05-6272 |
| | : | |
| v. | : | |
| | : | |
| MBNA AMERICA BANK, N.A., et al., | : | |
| | : | |
| Defendants. | : | |

**<u>ORDER</u>**

AND NOW, this 3rd day of January, 2006, it is hereby ORDERED that the application of Sheldon N. Sandler, Esquire, to practice in this Court pursuant to Local Rule of Civil Procedure 83.5.2.(b) is GRANTED.

BY THE COURT:

S/ James T. Giles

J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JONES-HOUSLEY, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO.  05-6272 |
| | : | |
| v. | : | |
| | : | |
| MBNA AMERICA BANK, N.A., et al., | : | |
| | : | |
| Defendants. | : | |

## **ORDER**

AND NOW, this 3rd day of January, 2006, IT IS HEREBY ORDERED that a pre-trial conference in the above-captioned matter shall be held on <u>February 24, 2006</u> at <u>4:00 p.m.</u> in <u>Room #17614</u>, United States Courthouse.


BY THE COURT:


<u>      S/ James T. Giles      </u>
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STACY D. JONES-HOUSLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 05-CV-6272-JG |
| | ) | |
| MBNA AMERICA BANK, N.A., | ) | |
| WILLIAM CHRISTIE, DIANE | ) | |
| CANNATO, WILLIAM HALL, and | ) | |
| GREG YANTZ, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO TRANSFER

Defendants MBNA America Bank, N.A., William Christie, Diane

Cannato, William Hall, and Greg Yantz, by counsel, move pursuant to 28 U.S.C. §

1406(a) to transfer this action to the United States District Court for the District of

Delaware for the reasons stated in the accompanying Opening Brief of Defendants in

Support of their Motion to Transfer.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Rolin P. Bissell (PA No. 53829)
Sheldon N. Sandler (admitted *pro hac vice*)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6673; (302) 571-6560
Facsimile: (302) 576-3330; (302) 576-3474
ssandler@ycst.com; rbissell@ycst.com
Attorneys for Defendants

DATED:     January 19, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2006, I electronically filed a true and correct

copy of **Defendants' Motion to Transfer** and **Order** with the Clerk of the Court using

CM/ECF, which will send notification that such filing is available for viewing and downloading

to the following counsel of record:

> Adrian J. Moody, Esquire
> Stacy L. Shields, Esquire
> The Law Offices of Adrian J. Moody, P.C.
> 1616 Walnut Street, Suite 700
> Philadelphia, PA 19103

I further certify that on January 19, 2006, I caused a copy of **Defendants'**

**Motion to Transfer** and **Order** to be served by United States First Class mail on the following

counsel of record:

> Adrian J. Moody, Esquire
> Stacy L. Shields, Esquire
> The Law Offices of Adrian J. Moody, P.C.
> 1616 Walnut Street, Suite 700
> Philadelphia, PA 19103

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____

Rolin P. Bissell  (PA No. 53829)
Sheldon N. Sandler (DE No. 245)(admitted *pro hac vice*)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6673
Facsimile: (302) 576-3330
ssandler@ycst.com
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STACY D. JONES-HOUSLEY,     )
     )
     Plaintiff,     )
     )
     v.     )     C.A. No. 05-CV-6272-JG
     )
MBNA AMERICA BANK, N.A.,     )
WILLIAM CHRISTIE, DIANE     )
CANNATO, WILLIAM HALL, and     )
GREG YANTZ,     )
     )
     Defendants.     )

## **ORDER**

WHEREFORE, this ___ day of _____, 2006, IT IS

HEREBY ORDERED that:

     1.     Defendants MBNA America Bank, N.A., William Christie, Diane

Cannato, William Hall, and Greg Yantz's Motion to Transfer pursuant to 28 U.S.C.

§1406(a) is GRANTED;

     2.     This action is hereby transferred to the United States District Court

for the District of Delaware; and

                        _____

                        United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STACY D. JONES-HOUSLEY,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　　　　)　　C.A. No. 05-CV-6272-JG
　　　　　　　　　　　　　　　　　　　　)
MBNA AMERICA BANK, N.A.,　　　　　　　)
WILLIAM CHRISTIE, DIANE,　　　　　　　)
CANNATO, WILLIAM HALL,　　　　　　　　)
and GREG YANTZ,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　　　　　　)

## DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR
## MOTION TO TRANSFER

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Rolin P. Bissell  (PA No. 53829)
Sheldon N. Sandler (admitted *pro hac vice*)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6673
Facsimile: (302) 576-3330
ssandler@ycst.com
Attorneys for Defendants

DATED:　　　　January 19, 2006

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS.................................................................................. i

TABLE OF AUTHORITIES ........................................................................... ii

INTRODUCTION ..........................................................................................1

FACTS ...........................................................................................................2

ARGUMENT ..................................................................................................4

I.     VENUE IS IMPROPER IN THE EASTERN DISTRICT OF
       PENNSYLVANIA AND, THEREFORE, THE MATTER
       SHOULD BE TRANSFERRED TO DELAWARE. ...............................4

A.     Venue For Plaintiff's Title VII Claim Is Not Proper in the Eastern
       District of Pennsylvania. ....................................................................5

B.     Venue For Plaintiff's Section 1981 Claim Is Not Proper in the
       Eastern District of Pennsylvania. ........................................................7

II.    TRANSFER TO THE DISTRICT OF DELAWARE IS IN THE
       INTERESTS OF JUSTICE......................................................................9

CONCLUSION..............................................................................................10

# TABLE OF AUTHORITIES

<u>Page</u>

<u>Cases</u>

<u>Bragg v. Hoffman Homes, Inc.</u>,
    C.A. No. 04-CV-4984,
    2005 U.S. Dist. LEXIS 4821,
    (E.D. Pa. Feb. 2, 2005) ............................................................................ 5, 8

<u>James v. Booz-Allen & Hamilton, Inc.</u>,
    227 F. Supp. 2d 16 (D.D.C. 2002)........................................................... passim

<u>Kravitz v. Inst. for Int'l Research</u>,
    C.A. No. 92-5045,
    1993 U.S. Dist. LEXIS 15669,
    (E.D. Pa. Nov. 5, 1993).............................................................................. 8

<u>Peary v. Tenet</u>,
    C.A. No. 03-2212-JDB,
    2004 U.S. Dist. LEXIS 27668,
    (D.D.C. May 12, 2004) ............................................................................. 8

<u>Silva v. Mayo Clinic</u>,
    C.A. No. 04-1519,
    2004 U.S. Dist. LEXIS 13262,
    (E.D. Pa. July 13, 2004)............................................................................ 8

<u>Stebbins v. Nationwide Mut. Ins. Co.</u>,
    757 F.2d 364, 369 (D.C. Cir.),
    <u>cert. denied</u>, 396 U.S. 895 (1969) .......................................................... 8

<u>Thurmon v. Martin Marietta Data Sys.</u>,
    596 F. Supp. 367 (M.D. Pa. 1984) ........................................................... 8

<u>Woolf v. Mary Kay, Inc.</u>,
    176 F. Supp. 2d 642 (N.D. Tex. 2001) ..................................................... 7

<u>Other Authorities</u>

28 U.S.C. § 1391(c) ....................................................................................... 1

28 U.S.C. § 1406(a) .............................................................................. 1, 4, 10

28 U.S.C. § 1406(a), ...................................................................................... 1

42 U.S.C. § 1981............................................................................................ 2, 4

ii

42 U.S.C. § 1981(a) ............................................................................................... 7

42 U.S.C. § 2000e-2, *et seq.* ......................................................................... 2, 4

42 U.S.C. § 2000e-5(f)(3), .............................................................. 1, 5, 6, 7

DB02:5147200.1

009626.1046

## INTRODUCTION

This case should be transferred pursuant to 28 U.S.C. § 1406(a) because Plaintiff has filed her Complaint, which alleges Title VII and Section 1981 violations, in an improper venue. Title VII has a special venue provision, 42 U.S.C. § 2000e-5(f)(3), which controls venue exclusively and supersedes the general venue statute, 28 U.S.C. § 1391(c), which normally governs Section 1981 claims.

Under 42 U.S.C. § 2000e-5(f)(3), actions may be brought to enforce Title VII and any accompanying employment discrimination claim in any judicial district in the State in which: (i) the unlawful practice allegedly occurred; (ii) the relevant employment records are maintained; or (iii) the complainant would have worked if not for the alleged unlawful actions. Only if the employer cannot be found in any of those districts may the action be brought in the district in which the employer has its principal office.

Here, the Eastern District of Pennsylvania does not satisfy any of the elements of the Title VII venue provision. None of the allegedly unlawful practices occurred in the Eastern District, none of the relevant records are kept in the Eastern District, and Plaintiff would not have changed work locations to the Eastern District had he not been discharged. Moreover, the employer has its principal office in Delaware. Therefore, venue does not lie in the Eastern District.

Pursuant to 28 U.S.C. § 1406(a), the Court has the discretion to transfer the case to the district with proper venue. Because Delaware is the only district where proper venue is available, the matter should be transferred to the United States District Court for the District of Delaware.

## FACTS

The Answer admits that Plaintiff was a former employee of MBNA who, at the time of her separation, was working in MBNA's Telemarketing Development Department. (D.I. 1 at ¶ 15). Plaintiff was discharged by MBNA in 2004 (D.I. 1 at ¶ 39).

Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") office in Philadelphia, Pennsylvania in March 2003. EEOC Charge No. 170-2003-00829; (D.I. 1 at ¶¶ 13, 46). Plaintiff received a Dismissal and Notice of Rights from the EEOC dated September 8, 2005. (D.I. 1 at ¶14, Ex. A). Plaintiff instituted the present lawsuit by filing a Complaint in the United States District Court for the Eastern District of Pennsylvania on December 5, 2005. (D.I. 1).

Plaintiff's Complaint names defendants MBNA America Bank, N.A. ("MBNA"), William Christie, Diane Cannato, William Hall, and Greg Yantz ("Individual Defendants"), (collectively, "Defendants"). (D.I. 1). Plaintiff's Complaint alleges race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, *et seq.* ("Title VII"), and 42 U.S.C. § 1981 ("Section 1981"). (D.I. 1).

During all relevant times, Plaintiff worked at MBNA's New Castle County, Delaware facilities. (D.I. 1 at ¶ 4); see Affidavit, attached as Ex. A. The individual defendants named in Plaintiff's Complaint were Plaintiff's supervisors and managers at the Delaware facilities. (D.I. 1 at ¶¶ 5-8). The individuals in the Personnel Department who are responsible for the Telemarketing Development Department were also located at MBNA's Delaware facilities. See Ex. A. The Personnel Department managed, administered and maintained the personnel records of employees in the Telemarketing Development Department, including Plaintiff. See Ex. A. If Plaintiff had

2

not been separated from employment with MBNA, she would have continued working for MBNA in the State of Delaware. <u>See</u> Ex. A.

On December 29, 2005, Defendants filed their Answer to the Complaint and asserted various Affirmative Defenses. (D.I. 2). Lack of subject matter jurisdiction, lack of jurisdiction over the persons, and improper venue were included in the Defendants' Affirmative Defenses. (D.I. 2). On January 19, 2006, Defendants filed their Motion to Transfer. This is Defendants' brief in support of their Motion to Transfer.

009626.1046

**ARGUMENT**

Plaintiff has asserted claims under Title VII and Section 1981. Title VII's exclusive venue provision supersedes the general venue provision used in Section 1981 claims. Venue can be determined by applying a "commonsense appraisal of events having operative significance." James v. Booz-Allen & Hamilton, Inc., 227 F. Supp. 2d 16, 20 (D.D.C. 2002). A review of the underlying allegations in Plaintiff's Complaint makes clear that all of the relevant events took place in Delaware, rendering the Eastern District of Pennsylvania an improper venue for the present matter. When venue is improper, 28 U.S.C. § 1406(a) directs the court to "dismiss, or if it be in the interest of justice, transfer such a case" to the proper district. Therefore, because all of the facts and circumstances underlying Plaintiff's allegations occurred in Delaware, venue is improper in this District and the Court should transfer the present action to the United States District Court for the District of Delaware

## I. VENUE IS IMPROPER IN THE EASTERN DISTRICT OF PENNSYLVANIA AND, THEREFORE, THE MATTER SHOULD BE TRANSFERRED TO DELAWARE.

Plaintiff's Complaint alleges race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, *et seq.* ("Title VII"), and 42 U.S.C. § 1981 ("Section 1981"). (D.I. 1). Under Title VII's exclusive venue provision, venue for Plaintiff's Title VII claim is clearly improper in the Eastern District of Pennsylvania (the "Eastern District") and it should be transferred to the District of Delaware, where venue will lie.

Further, Plaintiff's Section 1981 claim must also be transferred to Delaware. The Title VII venue provision is exclusive and supersedes all other venue provisions, including the general venue provision, 28 U.S.C. § 1391. Bragg v. Hoffman

4

Homes, Inc., C.A. No. 04-CV-4984, 2005 U.S. Dist. LEXIS 4821, at *3 (E.D. Pa. Feb. 2, 2005).

### A.     Venue For Plaintiff's Title VII Claim Is Not Proper in the Eastern District of Pennsylvania.

Title VII claims are regulated by an exclusive venue provision.  Pursuant to this provision, actions may be brought to enforce Title VII in any judicial district in the State in which: (i) the unlawful employment practice allegedly occurred; (ii) the employment records relevant to the practice are maintained and administered; (iii) the aggrieved person would have worked if not for the alleged unlawful employment practice; or (iv) the employer has its principal place of business, but only if the defendant cannot be found in any of the three preceding districts.  42 U.S.C. § 2000e5(f)(3).  In this case, an application of the Title VII venue provision clearly demonstrates that venue is not appropriate in the Eastern District.

Under Section 2000e5(f)(3), the court's first inquiry focuses on the locus of the alleged discrimination.  James, 227 F. Supp. 2d at 22.   All of the alleged unlawful employment practices occurred in Delaware at the MBNA facility where Plaintiff worked.  (D.I. 1 at ¶ 4, 15).  Plaintiff claims that Defendants engaged in unlawful race discrimination and retaliation against Plaintiff relating to her employment with MBNA's Telemarketing Development Department, located in Delaware.  (D.I. 1).  The Complaint alleges that the individual defendant-managers perpetrated that discrimination while Plaintiff was under their supervision as an employee in the Telemarketing Development Department.  (D.I. 1 at ¶¶ 10-12).  Further, the Complaint alleges that the Individual Defendants retaliated against Plaintiff.  (D.I. 1 at ¶ 47).  Finally, the Complaint alleges

5

that Plaintiff was terminated from her employment on or about December 2004. (D.I. 1 at ¶48).

Therefore, in the present matter, the discriminatory acts of operative significance were the conditions of employment endured by Plaintiff and her subsequent termination. The Complaint does not assert that any of the challenged employment practices occurred in the Eastern District. Because, for all relevant time periods, all of the named actors and decisionmakers worked in Delaware and made the allegedly discriminatory decisions in Delaware, venue is proper in Delaware, not in the Eastern District. See 42 U.S.C. § 2000e5(f)(3).

Similarly, consideration of the second prong of the Title VII venue statute also leads to the conclusion that venue is not proper in the Eastern District. Defendant MBNA maintains and administers its master set of employment records in Delaware. See Ex. A. None of the Plaintiff's personnel records are maintained and administered in the Eastern District. See Ex. A. Thus, Plaintiff does not meet her burden to prove proper venue under the second prong of the Title VII statute. 42 U.S.C. § 2000e5(f)(3).

Also, Plaintiff cannot satisfy the third prong of the venue provision because she would not have worked in the Eastern District "but for" the alleged discrimination. 42 U.S.C. § 2000e5(f)(3). "This requirement refers to the aggrieved individual's principal place of work, and not any district in which the individual's work might take him." James, 227 F. Supp. 2d at 18. It is undisputed that Plaintiff's principal place of work was in Delaware. (D.I 1 at ¶4). Had Plaintiff continued her employment with MBNA she would have continued in her position in the Telemarketing Development Department, located in Delaware. (D.I. 1 at ¶¶ 17, 4). Plaintiff cannot demonstrate that,

had the complained-of actions not occurred and she remained in the employ of MBNA, she would have somehow gone to work in the Eastern District. In fact, MBNA has no facilities in the Eastern District, thereby eliminating that location as a potential job site for Plaintiff. See Ex. A. Because Plaintiff cannot demonstrate that "but for" the alleged discrimination, she would have worked in the Eastern District, venue in this District is improper.

The final venue option, based on location of the principal office of the defendant, is not available unless the defendant cannot be found in any other districts where venue is appropriate. 42 U.S.C. § 2000e5(f)(3). An evaluation of the first three prongs of the venue statute reveals that venue does not lie in the Eastern District. However, this same analysis shows that venue could be properly asserted in Delaware. As such, this Court need not consider the fourth prong of the Title VII venue statute in determining whether venue is proper in this District. 42 U.S.C. § 2000e5(f)(3). Even if the Court were to address the fourth prong, it would nevertheless conclude that venue is improper in the Eastern District, because MBNA is headquartered in Delaware, (D.I. 1 at ¶ 4), and maintains its principal place of business in Delaware, where it has several facilities and where it may be readily found. See Ex. A.

**B.    Venue For Plaintiff's Section 1981 Claim Is Not Proper in the Eastern District of Pennsylvania.**

Venue for Plaintiff's Section 1981 claim is also improper in the Eastern District. Unlike Title VII, Section 1981 does not contain a specific venue provision. See, e.g., Woolf v. Mary Kay, Inc., 176 F. Supp. 2d 642, 649 (N.D. Tex. 2001); 42 U.S.C. § 1981(a). Therefore, a Section 1981 claim, standing alone, is governed by the general venue statute, 28 U.S.C. §1391. But where a plaintiff brings a Title VII claim and a

7

Section 1981 claim, "the narrower venue provision of section 2000e-5(f)(3) controls."

James v. Booz-Allen & Hamilton, Inc., 227 F. Supp. 2d 16, 20 (D.D.C. 2002) (collecting

cases). The Title VII venue provision is exclusive and the general venue provision of 28

U.S.C. § 1391 does not apply. Kravitz v. Inst. for Int'l Research, C.A. No. 92-5045,

1993 U.S. Dist. LEXIS 15669, at *5-6 (E.D. Pa. Nov. 5, 1993); accord Bragg, 2005 U.S.

Dist. LEXIS 4821, at *3 ("The venue provision is exclusive for cases brought pursuant to

Title VII and the general venue provision . . . does not apply."); Stebbins v. Nationwide

Mut. Ins. Co., 757 F.2d 364, 369 (D.C. Cir.), cert. denied, 396 U.S. 895 (1969); Silva v.

Mayo Clinic, C.A. No. 04-1519, 2004 U.S. Dist. LEXIS 13262, at *4 (E.D. Pa. July 13,

2004) ("For employment discrimination cases, the Title VII venue provisions are

exclusive."). Venue in a Title VII case is strictly limited by this provision, as evidenced

by the clear Congressional intent to restrict venue only to those districts concerned with

the alleged discrimination. See Peary v. Tenet, C.A. No. 03-2212-JDB, 2004 U.S. Dist.

LEXIS 27668, at *3 (D.D.C. May 12, 2004). Because the Title VII venue provision is

exclusive, an analysis under the general venue provision is improper. See Thurmon v.

Martin Marietta Data Sys., 596 F. Supp. 367, 360 (M.D. Pa. 1984).

A review of the Title VII venue provision proves indisputably that venue

is improper in the Eastern District because the allegedly discriminatory acts took place in

Delaware, not in the Eastern District, the documents relevant to this case are located in

Delaware, not in the Eastern District, and Plaintiff would have worked in Delaware, not

in the Eastern District, "but for" the alleged discrimination.

8

## II.     TRANSFER TO THE DISTRICT OF DELAWARE IS IN THE INTERESTS OF JUSTICE

When a court determines that venue is improper, the court must either dismiss the case, or if transfer is in the interest of justice, transfer it to the proper venue under 28 U.S.C. § 1406(a). The Title VII venue statute provides that transfer under 28 U.S.C. § 1406(a) is appropriate to any judicial district where Plaintiff could have originally brought the case. James, 227 F. Supp. 2d at 24-25. Clearly, Plaintiff could have originally brought her claim in Delaware, as Delaware meets all of the Title VII venue requirements.

Here, the Individual Defendants' allegedly unlawful interaction with Plaintiff occurred at the MBNA facility in Delaware. And the decision to terminate Plaintiff was also made at MBNA's offices in Delaware. In addition, Plaintiff's employment records and MBNA's principal place of business are both located in Delaware. Finally, had Plaintiff retained her position with MBNA's Telemarketing Development Department, she would have continued to work at the MBNA facilities in Delaware. In sum, the factors to be considered demonstrate that venue cannot lie in the Eastern District under the special venue provision of Title VII and, therefore, this matter should be transferred to the United States District Court for the District of Delaware.

9

## CONCLUSION

For the foregoing reasons, Defendants MBNA America Bank, N.A.,

William Christie, Diane Cannato, William Hall, and Greg Yantz respectfully request this

Court to transfer this action to the United States District Court for the District of

Delaware pursuant to 28 U.S.C. § 1406(a).

Respectfully submitted,


YOUNG CONAWAY STARGATT & TAYLOR, LLP


Rolin P. Bissell  (PA No. 53829)
Sheldon N. Sandler (admitted *pro hac vice*)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6673
Facsimile: (302) 576-3330
ssandler@ycst.com
Attorneys for Defendants


DATED:       January 19, 2006

10

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2006, I electronically filed a true and correct

copy of **Defendants' Opening Brief In Support Of Their Motion To Transfer** with the Clerk

of the Court using CM/ECF, which will send notification that such filing is available for viewing

and downloading to the following counsel of record:

> Adrian J. Moody, Esquire
> Stacy L. Shields, Esquire
> The Law Offices of Adrian J. Moody, P.C.
> 1616 Walnut Street, Suite 700
> Philadelphia, PA 19103

I further certify that on January 19, 2006, I caused a copy of **Defendants'**

**Opening Brief In Support Of Their Motion To Transfer** to be served by United States First

Class mail on the following counsel of record:

> Adrian J. Moody, Esquire
> Stacy L. Shields, Esquire
> The Law Offices of Adrian J. Moody, P.C.
> 1616 Walnut Street, Suite 700
> Philadelphia, PA 19103

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Rolin P. Bissell  (PA No. 53829)
Sheldon N. Sandler (DE No. 245)(admitted *pro hac vice*)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6673
Facsimile: (302) 576-3330
ssandler@ycst.com
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STACY D. JONES-HOUSLEY,    )
    )
        Plaintiff,   )
    v.    )    C.A. No. 2:05-CV-06272-JG
    )
MBNA AMERICA BANK, N.A.,    )
WILLIAM CHRISTIE, DIANE    )
CANNATO, WILLIAM HALL, and    )
GREG YANTZ,    )

### AFFIDAVIT OF BRIAN GIMLETT

STATE OF DELAWARE   )
   )   SS.
COUNTY OF NEW CASTLE   )

Brian Gimlett, being duly sworn, does depose and say:

1. My name is Brian Gimlett and I am a resident of New Castle County, Delaware.

2. I am not a party to the above-captioned litigation.

3. I am employed by MBNA America Bank, N.A. ("MBNA") in the capacity of Director of Employment.

4. MBNA is headquartered in the State of Delaware, where it maintains its principal place of business, operates several facilities, and may readily be found.

5. I have knowledge of the employment records maintained by the Personnel Department of MBNA for Stacy D. Jones-Housley during the course of her employment.

6. During the entire period of her employment with MBNA, Ms. Jones-Housley worked at MBNA's New Castle County, Delaware facilities.

7. MBNA's Personnel Department, from its office in New Castle County, Delaware, was responsible for the records of the persons employed in the Telemarketing Development Department in New Castle County, Delaware where Ms. Jones-Housley worked.

8. That office of the Personnel Department managed, maintained, and administered the personnel records of the employees in the Telemarketing Development Department, including the personnel records for Ms. Jones-Housley.

                                                              

9.   MBNA maintains and administers no employment records in the Eastern District of Pennsylvania for employees of the Telemarketing Development Department

10. If Ms. Jones-Housley had continued her employment with MBNA, she would have continued to work in the State of Delaware.

11. At the time of Ms. Jones-Housley's separation from MBNA, up to and including the present day, MBNA has no facilities in the Eastern District of Pennsylvania and, therefore has no employees in such District.

_____

BRIAN GIMLETT

SWORN TO AND SUBSCRIBED before me, a Notary Public for the State and County aforesaid, this ___17th___ day of January, 2006.

_____(SEAL)

Notary Public
My Commission Expires: _Jun 8, 2008_

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2006, I electronically filed a true and correct copy of the **Affidavit of Brian Gimlett** with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Adrian J. Moody, Esquire
> Stacy L. Shields, Esquire
> The Law Offices of Adrian J. Moody, P.C.
> 1616 Walnut Street, Suite 700
> Philadelphia, PA 19103

I further certify that on January 19, 2006, I caused a copy of the **Affidavit of Brian Gimlett** to be served by United States First Class mail on the following counsel of record:

> Adrian J. Moody, Esquire
> Stacy L. Shields, Esquire
> The Law Offices of Adrian J. Moody, P.C.
> 1616 Walnut Street, Suite 700
> Philadelphia, PA 19103

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Rolin P. Bissell  (PA No. 53829)
Sheldon N. Sandler (DE No. 245)(admitted *pro hac vice*)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6673
Facsimile: (302) 576-3330
ssandler@ycst.com
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STACY D. JONES-HOUSLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 05-CV-6272-JG |
| | ) | |
| MBNA AMERICA BANK, N.A., | ) | |
| WILLIAM CHRISTIE, DIANE | ) | |
| CANNATO, WILLIAM HALL, and | ) | |
| GREG YANTZ, | ) | |
| | ) | |
| Defendants. | ) | |

## STIPULATION

Defendants having moved to transfer the captioned action to the District Court for the District

of Delaware and Plaintiff having no objection to the said transfer, the parties hereby stipulate that the

case is transferred to the United States District Court for the District of Delaware.

/s/ Adrian J. Moody
Adrian J. Moody, Esquire (Pa. No. 35361)
Stacy L. Shields, Esquire (Pa. No. 71839)
LAW OFFICES OF ADRIAN J. MOODY, P.C.
1616 Walnut Street - Suite 700
Philadelphia, PA 19103
(215) 735-2400
ajmoody@bellatlantic.net
Attorney for Plaintiff

/s/ Sheldon N. Sandler
Rolin P. Bissell  (PA No. 53829)
Sheldon N. Sandler (admitted pro hac vice)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6673
Facsimile: (302) 576-3330
ssandler@ycst.com
Attorneys for Defendants

DATED:  February 2, 2006

SO ORDERED THIS _____ day of _____, 2006

_____
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JONES-HOUSLEY,            :      CIVIL ACTION
                                :
          Plaintiff,      :      NO.  05-6272
                                :
        v.                  :
                                :
MBNA AMERICA BANK, N.A., et al.,  :
                                :
          Defendants.   :

## **ORDER**

AND NOW, this 2nd day of February, 2006, upon consideration of the joint stipulation

(Docket No. 10), it is hereby ORDERED that Defendant's Motion to Transfer to the U.S. District

Court for the District of Delaware (Docket No. 8) is GRANTED.


BY THE COURT:


       S/ James T. Giles     
                          J.

0 6 - 1 6 8



March 6, 2006

U.S. District Court  DE(1)
District of Delaware
Peter T. Dalleo, Clerk
J. Caleb Boggs Federal Building
844 King Street, Lockbox 18
Wilmington, DE 19801-3570

RE:  **Stacey D. Jones-Housley v. MBNA America Bank, N.A., et al.**
     **Civil Case No. 05-6272**

Dear Clerk:

We herewith enclose the original record, together with a certified copy of the docket entries, in the above-captioned case which has been transferred to your District pursuant to the Order dated February 2, 2006 transferring this case to the U.S. District Court for the Eastern District of Delaware.

Kindly acknowledge receipt on the copy of the letter provided.

Very truly yours,

MICHAEL E. KUNZ
Clerk of Court

By:_____
Mark Ciamaichelo, Deputy Clerk

cc:  Adrian Moody, Esquire
     Stacey L. Shields, Esquire
     Sheldon N. Sandler, Esquire
     Rolin Bissell, Esquire

Received above material or record file this      day of      , 20 .

Signature: ____ _____

Date: ____ _____

civ625.frm