IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STACY D. JONES - HOUSLEY**<br>2301 Cherry Street, Apt. #4N<br>Philadelphia, PA 19103<br>                    Plaintiff | :<br>:<br>:<br>:<br>: | CIVIL ACTION NO:_____ |
| v. | :<br>: | |
| **MBNA AMERICA BANK, N. A,** is a<br>federally chartered banking association<br>headquartered in Wilmington,<br>Delaware, and having local offices at<br>1100 No. King Street<br>Wilmington, DE 19884 | :<br>:<br>:<br>:<br>:<br>:<br>: | |
|           and | : | |
| **WILLIAM CHRISTIE**, Individually and<br>in his Professional, Supervisory<br>Capacity as Senior Executive Vice<br>President of Defendant MBNA Bank,<br>having offices located at<br>1100 No. King Street<br>Wilmington, Delaware 19884 | :<br>:<br>:<br>:<br>:<br>:<br>: | |
|           and | : | |
| **DIANE CANNATO**, Individually and<br>in her Professional, Supervisory<br>Capacity as Manager of Defendant<br>MBNA Bank, having offices located at<br>1100 No. King Street<br>Wilmington, Delaware 19884 | :<br>:<br>:<br>:<br>:<br>: | |
|           and | : | |
| **WILLIAM HALL**, Individually and in his<br>Professional, Supervisory Capacity as<br>Manager of Defendant MBNA Bank,<br>having offices located at<br>1100 No. King Street<br>Wilmington, Delaware 19884 | :<br>:<br>:<br>:<br>:<br>: | |

1

|   |   |
|---|---|
| and | : |
|   | : |
| **GREG YANTZ**, Individually and in his | : |
| Professional, Supervisory Capacity as | : |
| Manager of Defendant MBNA Bank, | : |
| having offices located at | : |
| 1100 No. King Street | : |
| Wilmington, Delaware 19884 | : |
| Defendants | : |

# COMPLAINT
## JURISDICTION, VENUE AND PARTIES

1. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by §1981a (hereinafter, "Title VII") 42 U. S. C. §1981, and 42 U. S. C. §1988.  Jurisdiction is invoked pursuant to 28 U.S.C., §1331, §1332 and §1343.

2. 2. Venue is proper in this judicial district pursuant to 28 U.S.C. 1332 because Plaintiff and the Named defendants are citizens of different state then the Plaintiff.

3. 3. Plaintiff STACY D. JONES-HOUSLEY is a Black adult female and a citizen of the Commonwealth of Pennsylvania residing at 2301 Cherry Street, Apt. #4N, Philadelphia, Pennsylvania 19103.

4. 4. Defendant MBNA America Bank, N.A., (hereinafter "MBNA") is a federally chartered national banking association with headquarters located at 1100 North King Street, Wilmington, Delaware 19884.

5. Defendant WILLIAM CHRISTIE (hereinafter CHRISTIE") is an adult white male and Senior Executive Vice President of Defendant MBNA.  Defendant CANNATO

2

works for, on behalf of and in furtherance of the business interests of Defendant MBNA in a Supervisory capacity, as a result of which Defendant MBNA is strictly liable for her acts and failures to act. At all times relevant hereto, Defendant CANNATO's acts and failures to act were the direct acts and failures to act of Defendant MBNA.

6. Defendant DIANE CANNATO (hereinafter "CANNATO") is an adult white female and Manager of Defendant MBNA. Defendant CANNATO works for, on behalf of and in furtherance of the business interests of Defendant MBNA in a Supervisory capacity, as a result of which Defendant MBNA is strictly liable for her acts and failures to act. At all times relevant hereto, Defendant CANNATO's acts and failures to act were the direct acts and failures to act of Defendant MBNA.

7. Defendant WILLIAM HALL (hereinafter "HALL") is an adult white male and Manager of Defendant MBNA. Defendant HALL works for, on behalf of and in furtherance of the business interests of Defendant MBNA in a Supervisory capacity, as a result of which Defendant MBNA is strictly liable for her acts and failures to act. At all times relevant hereto, Defendant HALL's acts and failures to act were the direct acts and failures to act of Defendant MBNA.

8. Defendant GREG YANTZ (hereinafter "YANTZ") is an adult white male and Manager of Defendant MBNA. Defendant YANTZ works for, on behalf of and in furtherance of the business interests of Defendant MBNA in a Supervisory capacity, as a result of which Defendant MBNA is strictly liable for her acts and failures to act. At all times relevant hereto, Defendant YANTZ's acts and failures to act were the direct acts and failures to act of Defendant MBNA.

9. At all times material hereto, Defendant MBNA acted or failed to act through its authorized supervisors, managers, employees, workmen, agents and servants including, but not limited to, Managers and Supervisors Defendants Cannato, Hall, Yantz and Christie, and others whose identities will be disclosed during the course of discovery, and all of whom were at all times then and there acting in Supervisory capacities for and on behalf of Defendant MBNA, and in furtherance of its business interests, and within the course and scope of their employment and Supervisory authority.

10. At all times material hereto, Defendant MBNA's Managers and Supervisors, including Diane Cannato, William Hall, Greg Yantz and William Christie, were acting in the course and scope of their agency and/or employment with and on behalf of and/or under the management, control and/or direction of Defendant MBNA.

11. At all times material hereto, the individual Defendant was acting intentionally, maliciously, and in reckless disregard of the Plaintiff's right to be free from race discrimination and retaliation.

12. At all times relevant hereto, Defendant MBNA, acting by and through its Managers and Supervisors, including Diane Cannato, William Hall, Greg Yantz and William Christie, was acting intentionally and in furtherance of its business purpose, but maliciously and in reckless disregard of the Plaintiff's right to be free from race discrimination and retaliation.

### ADMINISTRATIVE PROCEDURES

13. Plaintiff filed charges of race discrimination against the Defendants with the

Philadelphia District Office of the Equal Employment Opportunity Commission, Charge No. 170 - 2003 - 00829.

14. Plaintiff also received a Notice of Right to Sue Within 90 Days from the U. S. Department of Justice dated September 8, 2005.  A copy of the Notice of Right to Sue" is attached and marked as Exhibit "A".

## BACKGROUND ALLEGATIONS

15. Plaintiff Jones - Housley began working for the Defendant MBNA in or about January 2001.  She last worked for the Defendant as a Senior Project Manager and Assistant Vice President (AVP) in the Telemarketing Development Department, where her job duties and responsibilities involved test management for the Strategic Telesales System (hereinafter "STS") Project.  Her Manager was Defendant Diane Cannato, a white female.

16. At all times relevant hereto, the character of the Plaintiff's employment was good, and she worked well with other members of her team.

17. In or about July 2001, however, Defendant MBNA, by and through its Managers and supervisors, including Diane Cannato, began to alienate and exclude the Plaintiff from team activities.

18. The following month, Defendant MBNA, by and through its Managers and supervisors, including Defendant Cannato, demoted the Plaintiff from "Testing Manager" to "Tester", and replaced her with a white female and a white male.

19. The Plaintiff learned that Defendant Cannato had informed other members of the Plaintiff's work team that they were not communicate or work with her regarding

the STS Project.

20. Furthermore, Defendant Cannato began to withhold key information from the Plaintiff that the Plaintiff needed to perform her work properly and to impede the work the Plaintiff was trying to do with her team.

21. Similarly situated white employees were not negatively treated as was the Plaintiff, and Defendant Cannato so treated the Plaintiff negatively for no other reason than that she was Black.

22. In or about October 2001, Defendant MBNA transferred to Plaintiff to the Internet Development Team.

23. While the Plaintiff was assigned to the Internet Development Team, Defendant MBNA assigned Defendant Hall as a Manager, to whom she was required to report.

24. Although the Plaintiff was required to report to Defendant Hall, a white male, his administrative title and position had been identical to the Plaintiff's, and he had far less experience, skill and education than the Plaintiff; Defendant Hall should have been her peer, and not her superior.

25. Also while the Plaintiff was assigned to the Internet Development Team, Defendant MBNA failed or refused to provide the Plaintiff with proper training to perform the duties of an Internet Development Team member, and failed or refused even to inform her of the scope of her duties with said Internet Development team.

26. Defendant MBNA, by and through its Managers and Supervisors, subjected her to work rules and procedures to which other, similarly situated white employees

were not subjected.

27. More specifically, Defendant MBNA, by and through Defendant Hall and other of its Managers and Supervisors, subjected the Plaintiff to "call-in" procedures that were not required of other employees, and then compounded these acts by subjecting the Plaintiff to baseless, unfounded and unwarranted criticisms and accusations regarding her attendance and work performance.

28. For example, as a result of the hostile work atmosphere created by Defendants MBNA and Cannato and Hall, Plaintiff Housley went out on "stress leave" under the Family Medical Leave Act ("FMLA") between March 2002 and May 2002.

29. While the Plaintiff was out on "stress leave", Defendant Hall required the Plaintiff to call in and report to him daily, even though the Plaintiff was on an approved FMLA leave.

30. Defendant Hall subjected the Plaintiff to said call-in so as to harass her and for no other reason than that she was Black.

31. Similarly situated white employees out on FMLA leave were not required to call in daily.

32. Thus, and in such a fashion, Defendant MBNA, by and through its Managers and Supervisors, deprived the Plaintiff of sick benefits and privileges of which similarly situated white employees were not deprived, and subjected her to special reporting requirements that were not required of others.

33. In or about May 2002, Plaintiff complained to Defendant William Christie about the disparate and hostile treatment to which she was subjected by Defendants MBNA, Cannato and HALL, but Defendant Christie ignored and/or minified her

complaints.

34. Defendant Christie thus denied the Plaintiff the benefits of her employment.

35. Defendant MBNA, by and through its Managers and Supervisors, including Defendant YANTZ, also deprived the Plaintiff of work recognition for which other employees were recognized.

36. More specifically, Defendant Yantz met with Defendant Christie in or about October 2002 to discuss the Plaintiff's mid-term review.

37. As a result of their meeting, Defendants Christie and Yantz agreed to, and did in fact, give the Plaintiff a negative mid-year review.

38. Said negative mid-year review was wholly unfounded, and was given in retaliation for the Plaintiff's having earlier complained to Defendant Christie of hostile and unfair treatment.

39. Similarly situated white employees were not given negative mid-year evaluations, or subjected to special "call-in" procedures, and then subjected to unwarranted criticisms and accusations regarding their work performance.

40. In general, Defendant MBNA, by and through its Managers and Supervisors, created a work atmosphere for the Plaintiff that was hostile, oppressive and intolerable.

41. The Plaintiff also noticed that other Black MBNA employees were being treated unfairly because of their race.

42. For example, on several occasions, the Plaintiff overheard white MBNA Managers Defendants Hall, Yantz and Manager Pam Romanowski, discussing plans to harm another Black employee's career.

43. The atmosphere in which the Plaintiff was required to work was so racially hostile that the Plaintiff contacted an attorney to learn of her rights to be free from race discrimination.

44. At the same time the Plaintiff contacted a private attorney to learn of her rights, she also reiterated her complaint to Defendant MBNA's Personnel that she and other Black employees were being treated unfairly because of their race and that she had contacted an attorney about the discrimination.

45. Defendant MBNA's Personnel Management Department ignored and/or minified the Plaintiff's Complaints and, in response, treated her rudely and curtly.

46. In or about March 2003, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission against Defendant MBNA.

47. Thereafter, and in retaliation for the Plaintiff's having contacted an attorney and complained to Personnel Management, Defendant MBNA, by and through its Managers and Supervisors, subjected the Plaintiff to negative employee performance evaluations, and subjected her to performance evaluations that were administered on a different time frame.

48. Thereafter, as a direct and proximate result of Defendant MBNA's acts and failures to act, by and through its Managers, Supervisors, agents, workmen and employees, Plaintiff was terminated from her employment with Defendant MBNA on or about December 2004.

49. As a direct and proximate result of the above described acts and failures to act by the Defendant MBNA, by and through its Managers and Supervisors, the Plaintiff suffered insult, racial oppression, degradation, humiliation and severe

emotional distress requiring medical attention.

50. As a further direct and proximate result of the above described acts and failures to act, the Plaintiff further suffered loss of income, loss of work experience, and a diminution in her professional and employment stature.

51. As a further direct and proximate result of Defendant MBNA's acts and failures to act, by and through its Managers and Supervisors, the Plaintiff was adversely affected in her employment status, and has been impaired in future efforts to locate other employment.

## FEDERAL CLAIMS

### COUNT I:   Plaintiff -v- Defendant MBNA Bank
### (Violation of 42 U. S. C. §2000e-2(a)(1)

52. The Plaintiff here incorporates all the allegations in the preceding paragraphs as if the same were fully set forth here.

53. The acts and failures to act of Defendant MBNA Bank, made by and through its Managers, Supervisors, agents, workmen, employees and Supervisors, including Defendants Christie, Cannato, Hall and Yantz, specifically the acts of discriminating against the Plaintiff on the basis of her race by denying her employment rights and privileges afforded white employees, discriminated against the Plaintiff in the terms, conditions and privileges of her employment.

54. The acts and failures to act of Defendant MBNA Bank, made by and through its Managers, Supervisors, agents, workmen, employees and Supervisors, including Defendants Christie, Cannato, Hall and Yantz, as described herein, constituted an unlawful employment practice proscribed by 42 U. S. C. §2000e-2(a)(1).

**WHEREFORE**, the Plaintiff respectfully requests this Honorable Court to enter Judgment in her behalf against Defendant MBNA Bank in excess of One Hundred Thousand Dollars ($100,000.00).  Furthermore, the Plaintiff is entitled to and demands, pursuant to 42 U. S. C. §1988, all costs, fees, expenses and attorneys fees.

**COUNT II:   Plaintiff -v- Defendant MBNA Bank**
**(Violation of 42 U. S. C. §2000e-2(a)(2)**

55. The Plaintiff here incorporates all the allegations in the preceding paragraphs as if the same were fully set forth here.

56. The acts and failures to act of Defendant MBNA Bank, made by and through its Managers, Supervisors, agents, workmen, employees and Supervisors, including Defendants Christie, Cannato, Hall and Yantz, specifically the acts of discriminating against the Plaintiff on the basis of her race by subjecting her, *inter alia*, to unwarranted criticism, specialized reporting procedures, deprivation of the privileges of employment, all on the basis of her race, which is Black, discriminated against the Plaintiff by limiting and classifying him in such a way as to deprive the Plaintiff of her employment opportunities with Defendant MBNA Bank.

57. The acts and failures to act of Defendant MBNA Bank, made by and through its Managers, Supervisors, agents, workmen, employees and Supervisors, including Defendants Christie, Cannato, Hall and Yantz, constituted an unlawful employment practice proscribed by 42 U. S. C. §2000e-2(a)(2).

**WHEREFORE**, the Plaintiff seeks Judgment in her behalf against Defendant MBNA Bank in excess of One Hundred Thousand Dollars ($100,000.00).  Furthermore, the

Plaintiff is entitled to and demands, pursuant to 42 U. S. C. §1988, all costs, fees, expenses and attorneys fees.

### COUNT III:   Plaintiff -v- Defendant MBNA Bank
### (Violation of 42 U. S. C. §2000e-3(a))

58. The Plaintiff here incorporates all the allegations in the preceding paragraphs as if the same were fully set forth here.

59. The acts and failures to act of Defendant MBNA Bank, made by and through its Managers, Supervisors, agents, workmen, employees and Supervisors, including Defendants Christie, Cannato, Hall and Yantz, specifically the acts of subjecting the Plaintiff to unwarranted and baseless negative employee evaluations, were made solely to retaliate against the Plaintiff for her having complained against and about said Defendant MBNA Bank's racially biased actions and policies, which is constitutionally protected activity.

60. The acts and failures to act of Defendant MBNA Bank, made by and through its Managers, Supervisors, agents, workmen, employees and Supervisors, including Defendants Christie, Cannato, Hall and Yantz, constituted an unlawful employment practice proscribed by 42 U. S. C. §2000e-3(a).

   **WHEREFORE**, the Plaintiff seeks Judgment in her behalf against Defendant MBNA Bank in excess of One Hundred Thousand Dollars ($100,000.00).  Furthermore, the Plaintiff is entitled to and demands, pursuant to 42 U. S. C. §1988, all costs, fees, expenses and attorneys fees.

### COUNT IV:   PLAINTIFF -v- DEFENDANTS MBNA BANK,
### CHRISTIE, CANNATO, HALL and YANTZ
### (VIOLATION of 42 U. S. C. §1981)

61. The Allegations contained in all preceding Paragraphs are here incorporated and

12

included by reference as if fully set forth here.

62. 42 U. S. C. §1981 provides, in relevant part, that "all persons ... shall have the same right ... to make and enforce contracts ... as is enjoyed by white citizens." 42 U.S.C. §1981 (1982), and includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

63. The Plaintiff enjoyed a right make and enforce her employment contract, which included the right to enjoy and enforce the rights and privileges afforded by seniority as were enjoyed and enforced by white employees, and the right to receive proper supervision and training as was enjoyed by white employees, and the right to equal conditions of employment as were enjoyed by white employees.

64. The named Defendants acts and failures to act, as described herein, individually and jointly, deprived the Plaintiff of her right to make and enforce contracts, specifically her right to enjoy and enforce equal employment conditions, benefits and rights as were enjoyed by white employees.

65. The named Defendants acted and failed to act, as described hereof, to deprive the Plaintiff of her right to make and enforce contracts, by denying her the rights and privileges of her employment, solely because of the Plaintiff's race, which is black.

66. The named Defendants' individual and joint conduct, as described herein, deprived the Plaintiff of her rights as guaranteed her under 42 U. S. C. §1981.

**WHEREFORE**, the Plaintiff seeks compensatory damages from Defendants MBNA Bank, Christie, Cannato, Hall and Yantz, individually and/or jointly, in excess of

One Hundred Thousand Dollars ($100,000.00).  Furthermore, the Plaintiff is entitled to and demands, pursuant to 42 U. S. C. §1988, all costs, fees, expenses and attorneys fees.

Respectfully submitted,

**THE LAW OFFICES OF ADRIAN J. MOODY, P.C.**

BY: _____
     Adrian J. Moody, Esquire

BY: _____
     Stacy L. Shields, Esquire
     Attorney Id #35361 and 71839
     1616 Walnut Street, Suite #700
     Philadelphia, PA. 19103-5307
     215-735-2400

     Attorneys for the Plaintiff,
     Stacey D. Jones- Housley