IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STACY D. JONES-HOUSLEY,<br><br>                Plaintiff,<br>v.<br><br>MBNA AMERICA BANK, N.A.,<br>WILLIAM CHRISTIE, DIANE<br>CANNATO, WILLIAM HALL, and<br>GREG YANTZ, | C.A. No. 2:05-CV-06272-JG |

## ANSWER

Defendants MBNA America Bank, N.A., William Christie, Diane Cannato, William Hall and Greg Yantz answer Plaintiff's Complaint as follows:

1. Denied that jurisdiction is properly invoked. No additional answer necessary.

2. Denied.

3. Defendants do not have sufficient information to admit or deny this averment.

4. Admitted.

5. Denied, except admitted that Defendant Christie is an adult, white male and Senior Executive Vice President of Defendant MBNA, and Defendant Cannato is a supervisory employee of MBNA.

6. Denied, except admitted that Defendant Cannato is an adult, white female and manager of Defendant MBNA.

7. Denied, except admitted that Defendant Hall is an adult, white male and manager of Defendant MBNA.

2

8. Denied, except admitted that Defendant Yantz is an adult, white male and manager of Defendant MBNA.

9. Defendants do not have sufficient information to admit or deny this averment.

10. Defendants do not have sufficient information to admit or deny this averment.

11. Denied.

12. Denied.

13. Admitted. For a further answer, Defendants state that the EEOC found that no discrimination had occurred.

14. Defendants do not have sufficient information to admit or deny this averment.

15. Admitted.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Admitted.

23. Admitted that Defendant Hall was Plaintiff's manager; otherwise denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied, except admitted that Plaintiff went on FMLA leave.

29. Admitted that the Plaintiff was requested to call in daily due to a misunderstanding and not for discriminatory or retaliatory reasons and that she was on approved FMLA leave.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Admitted.

37. Admitted.

38. Denied.

39. Denied.

40. Denied.

41. Denied that other employees were being treated unfairly because of their race.

42. Denied.

43. Denied that the atmosphere was racially hostile. Defendants do not have sufficient information to admit or deny the balance of this averment.

44.     Admitted that Plaintiff complained to Defendant MBNA. Otherwise denied.

45.     Denied.

46.     Admitted.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Defendants incorporate herein by reference all of its Answers in the preceding paragraphs.

53.     Denied.

54.     Denied.

55.     Defendants incorporate herein by reference all of its Answers in the preceding paragraphs.

56.     Denied.

57.     Denied.

58.     Defendants incorporate herein by reference all of its Answers in the preceding paragraphs.

59.     Denied.

60.     Denied.

61.     Defendants incorporate herein by reference all of its Answers in the preceding paragraphs.

DB02:5130970.1    009626.1046

62. The statute speaks for itself and therefore no responsive pleading is required.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

### AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. The Court lacks jurisdiction over the subject matter of the claims.

3. The Court lacks jurisdiction over the persons.

4. Venue is improper.

5. To the extent Plaintiff's complaint was not filed within ninety (90) days of her receipt of a Notice of Right to Sue, all claims arising out of the underlying charge are time-barred.

6. To the extent the Complaint is based upon conduct not the subject of a timely filed charge of discrimination, Plaintiff's claims are barred for failure to exhaust administrative remedies.

7. Defendants deny that they acted with malice or reckless indifference to the rights of Plaintiff.

8. Although Defendant MBNA denies that Plaintiff was exposed to a hostile work environment, Defendant MBNA asserts that it exercised reasonable care to prevent and correct promptly any allegedly harassing behavior, and the Plaintiff has

unreasonably failed to take advantage of any preventive or corrective opportunity provided or to avoid harm otherwise.

9. To the extent Plaintiff's hostile environment claim is based on untimely conduct, those acts are barred by the doctrine of laches.

10. Notwithstanding Defendants' general denials and previous affirmative defenses herein, to the extent Plaintiff establishes that her race was a determinative factor for any employment decision challenged herein, Defendants affirmatively state that they would have taken the same action in the absence of such an impermissible determinative factor.

11. To the extent Plaintiff's claims pursuant to Section 1981 are based on conduct occurring more than two (2) years prior to the filing of her Complaint, all such claims are time-barred.

12. To the extent Plaintiff has failed to mitigate her damages, she is barred from recovering from Defendants.

WHEREFORE, Defendants demand that the Complaint be dismissed with attorneys' fees and costs assessed against Plaintiff.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/*

Rolin P. Bissell (PA No. 53829)
Sheldon N. Sandler (DE Bar I.D. 0245)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6673; (302) 571-6560
Facsimile: (302) 576-3330; (302) 576-3474
ssandler@ycst.com; rbissell@ycst.com
Attorneys for Defendants

DATED: December 29, 2005

# CERTIFICATE OF SERVICE

I, Rolin P. Bissell, hereby certify that on December 29, 2005, I caused a copy of the foregoing Answer to be served by electronic filing and by United States first-class mail, postage prepaid, to:

The Law Offices of Adrian J. Moody, P.C.
Adrian J. Moody, Esquire
Stacy L. Shields, Esquire
1616 Walnut Street, Suite 700
Philadelphia, PA 19103-5307

The document is available for viewing and downloading from the ECF system.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Rolin P. Bissell (PA No. 53829)
Sheldon N. Sandler (DE No. 245)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600

Attorneys for Defendant